UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANG VU,<br>    Plaintiff,<br>  v.<br>SANTA CLARA COUNTY SUPERIOR COURT, et al.,<br>    Defendants. | Case No. 25-cv-08758-HSG<br>**ORDER OF DISMSISAL**<br>Re: Dkt. No. 3 |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A. Standard of Review

Plaintiff appears to be a civil detainee. *See generally* Dkt. No. 1. Because he is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," "fail[ ] to state a claim upon which relief may be granted," or "seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* pleadings must be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff has sued Santa Clara County Superior Court, the Santa Clara County Justice System, Kern County State Hospital, and Napa State Hospital. Plaintiff alleges that since sometime in 2021 he has been in the custody of either Santa Clara County or Napa State Hospital, despite no evidence, no witnesses, and no victim; and despite the case being dismissed. Plaintiff states that he not been allowed bail. Plaintiff further states that he has had four attorneys since 2021, all of whom have failed to adequately represent him. Plaintiff requests the Court's help, and appears to be seeking release from custody. *See generally* Dkt. No. 1.

The Court DISMISSES this action because Plaintiff is seeking release from custody. To seek relief from custody, Plaintiff must file a petition for a writ of habeas corpus, not a civil rights action. A civil rights action under Section 1983 is the proper vehicle to challenge conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) ("1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 526 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'") (quoting *Muhammad v. Close*, 540 U.S.

749, 750 (2004)). Plaintiff appears to be in the custody of Napa State Hospital pursuant to a civil commitment. A civilly committed person may challenge their involuntary civil commitment by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (civil commitment satisfies Section 2254's "in custody" requirement); *Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement."). The Court therefore DISMISSES this action without prejudice to seeking relief in a habeas action.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action without prejudice to seeking relief in a habeas action. The Clerk shall send Plaintiff two copies of the Court's form habeas petition. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated:   11/21/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3